**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

NATIVIDAD VERA AGUILAR,

Petitioner,

v.

CHRISTOPHER BULLOCK, Field Office Director of U.S. Immigration and Customs Enforcement, New Orleans Field Office,

Respondent.

No. 2:26-cv-03506-SHL-atc

**ORDER STAYING TRANSFER AND REQUIRING RESPONSE**

On November 4, 2026, pro se Petitioner Natividad Vera Aguilar filed the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. (ECF No. 2.) He challenges the legality of his continuous ICE custody. Vera Aguilar states that he entered the United States in 2007 to have a better and safer life and give his family a better and safer life. (Id. at PageID 7.) He has three children, who were born in the United States, and three stepchildren. (Id.) His family and parents are financially dependent on him. (Id.) He has been in ICE custody at the West Tennessee Detention Facility since July 11, 2026. (Id. at PageID 3, 5.) He seeks immediate release. (Id. at PageID 7.)

On May 11, the Sixth Circuit issued the opinion in Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026), affirming that a noncitizen who has spent "significant time . . . within the interior of the United States," and who has not committed an offense rendering them ineligible under § 1226(c), may not be detained without an individualized bond hearing. 175 F.4th at 734.

Upon review of the Petition, it is **ORDERED** as follows:

(1) The Clerk of Court shall email copies of **the Petition (ECF No. 2) and this**

**Order** to the United States Attorney for the Western District of Tennessee at the following email address: **jason.martin3@usdoj.gov**.

(2) Within **three business days** of the filing of this Order, Respondent shall respond to the Petition in writing. If the basis of Petitioner's detention is 8 U.S.C. § 1225(b)(2)(A) and Respondent continues to oppose release, Respondent shall either distinguish this case from Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026), or state why Lopez-Campos otherwise does not apply. If no such showing is made, Respondent shall state whether he consents to the issuance of the writ.

(3) Petitioner may file a reply after Respondent's responsive filing.

(4) Respondent **SHALL NOT** transfer Petitioner out of the West Tennessee Detention Facility during the pendency of the Petition.

**IT IS SO ORDERED,** this 19th day of November, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE